Mark Seewald and David Lampl, Pittsburgh, Pa., for debtor.

Reed J. Davis, Pittsburgh, Pa., for Damian Hantz.

David Braun, Pittsburgh, Pa., for Glassmere Properties, L.P.,

Michael C. Pribanic, Pittsburgh, Pa., for Brokerage House Realty, Inc.

### In re GLASSMERE CASTINGS COMPANY, Debtor.

### GLASSMERE CASTINGS COMPANY, Movant,

### v.

### LU–MAC, INC., Drummond American Corporation, Commonwealth of Pennsylvania, and Mellon Bank, N.A., Respondents.

**Bankruptcy No. 87–1402 PGH.**
**Motion No. 88–7485.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Feb. 14, 1989.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

Brokerage House Realty, Inc. ("Realtor") seeks payment of a real estate sales commission on the sale of the debtor's real estate. The court, at the hearing on confirmation of the sale, denied Realtor's request for payment of a fee and denied the proposal of counsel for the debtor to compromise the matter for the reasons which appear below.

On April 7, 1988, debtor obtained this court's approval to engage Realtor for the sale of premises at East Side R.R., Creighton, Pennsylvania, on an exclusive basis at a fixed commission of eight percent of the sale price; the listing agreement excluded the commission if the buyer was Damian Hantz ("Hantz"), because Hantz had already seen the property and had shown a significant interest in purchasing same, prior to the date on which Realtor was engaged.

Debtor's counsel filed a motion for approval of a sale to Hantz for a price of $160,000; the hearing was fixed for 2:45 p.m., January 12, 1989. At the hearing on confirmation of the sale, counsel advised the court that upon sale to Hantz, no commission would be due to Realtor, but it

appeared that an additional bidder was in court who might make a substantially higher offer, and that since Realtor had an exclusive listing, if another bidder made an offer, then Realtor would be entitled to a commission pursuant to his exclusive listing. If a commission were applied to the new bidder's bid and not to Hantz's bid, then the benefit to the estate would be distorted if the two parties got into an auction type bidding. In order to avoid that distortion, and put the bidders on an equal footing, counsel proposed that the Realtor be paid a flat four percent commission on the initial offering price of $160,-000, that is, a flat fee of $6,400 irrespective of the outcome of the bidding.

The court, having been advised that a new bidder was present, and would offer a substantially higher amount for the property, refused the debtor's motion for private sale of the property, converted the sale to a public sale to be held forthwith, auctioned off the property, and confirmed the sale to the high bidder, being Glassmere Properties, L.P., at a price of $180,000.

The court refused the Realtor's request for an eight percent commission and refused the debtor's counsel's suggestion of the flat four percent commission in compromise, because it was the court's view that Realtor did not earn its commission.

Counsel indicated to the court that the new bidder came into court because he learned of the property and the sale hearing other than through Realtor. Hence, Realtor was not the efficient cause of producing the sale. It was the effort of the debtor and debtor's counsel, the sale motion, the notice to creditors, the advertising, and the sale hearing which produced the ultimate buyer.

The debtor listed the property with Realtor, but debtor ultimately was compelled to proceed with a sale to the buyer which was originally on the scene, and which was excluded from the Realtor's commission contract, at a lower price than expected. Realtor would have had no claim to a commission had the new bidder at the bankruptcy sale hearing not appeared, because that would have resulted in a sale to Hantz, and a sale to Hantz had been excluded in the Realtor's commission agreement as a basis for a commission. Realtor cannot, in these circumstances, take advantage of the public sale conducted by the court, after notice to creditors and publication of advertising of the bankruptcy sale by counsel, giving notice that higher offers would be received, all of which was conducted pursuant to the Bankruptcy Code and the Bankruptcy Rules.

Realtor had a full and fair opportunity to find an acceptable purchaser and failed to do so. He cannot, on the basis of an exclusive listing agreement, claim compensation for effort and expense to which he did not contribute. Realtor's efforts have not benefitted the estate and there is no legal basis for any payment of estate assets to him.